UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOEL ROSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>v.<br><br>TEXTRON INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, THEODORE R. FRENCH, and TERRY D. STINSON | C.A. 02-190S<br><br>Judge William E Smith<br><br>Class Action |
| LESLIE TURBOWITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>v.<br><br>TEXTRON INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, THEODORE R. FRENCH and TERRY D. STINSON | C.A. 02-264S |

**SECOND AMENDED SETTLEMENT DISTRIBUTION ORDER**

**WHEREAS**, the captioned class action (the "Action") was settled pursuant to the terms and conditions of the stipulation of settlement, dated as of December 29, 2005 (the "Stipulation"), providing for settlement of the Action on behalf of a certified class consisting of all persons or entities who purchased or otherwise acquired the securities of Textron Inc. between October 19, 2000 and September 26, 2001, inclusive, and who were injured thereby, excluding defendants and their immediate families in exchange for payment of $7,000,000, plus interest (the "Settlement Fund"); and

**WHEREAS**, this Court held a hearing on the fairness of the terms and conditions of the Settlement and the Plan of Allocation of the Settlement Fund on May 9, 2006, at which time all Class members were provided with an opportunity to be heard; and

**WHEREAS**, on October 19, 2006, this Court entered the Memorandum and Order Granting Final Approval of Settlement and Plan of Allocation (the "Final Judgment"), finding, *inter alia*, that the Settlement and the Plan of Allocation were fair, reasonable and adequate and in the best interests of the Class and that the Notice to the Class satisfied the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process; and

**WHEREAS**, this Court retained jurisdiction to effectuate and enforce the provisions of the Stipulation, including the administration of the Settlement and distribution of the Settlement Fund to eligible members of the Class ("Authorized Claimants"), including, but not limited to, authority to approve final distribution of the Settlement Fund; and

**WHEREAS**, counsel for plaintiffs and the Class ("Plaintiffs' counsel"), and their professional claims administrator, The Garden City Group, Inc. ("GCG"), have now completed all steps required for processing, reviewing and administering claims as set forth in the Stipulation and have calculated, pursuant to the terms of the Plan of Allocation set forth in the Notice of Settlement, dated February 21, 2006, both the number of valid and complete Proofs of Claim submitted and the total net Recognized Loss (as that term is defined in the Notice) of Settlement, for each Authorized Claimant; and

**WHEREAS**, Plaintiffs' counsel and GCG have reported to this Court by affidavit of Stephen J. Cirami in Support of Motion for Settlement Distribution, sworn to November 15, 2006 ("Cirami Affidavit"), respecting the review, processing, administration and calculation of claims, and have provided a final report listing all valid and complete

claims with the eligible claims, and all ineligible claims and the reasons for such ineligibility; and

**WHEREAS**, Plaintiffs' counsel have applied to this Court for approval of the distribution of the Settlement Fund pursuant to the terms and conditions of the Stipulation; and

**WHEREAS**, Plaintiffs' counsel request that this Court approve payment to GCG from the Settlement Fund of its unreimbursed fees and expenses incurred in connection with the settlement administration; and

**WHEREAS**, this Court has duly considered all submissions presented with respect to the foregoing.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Court finds that the procedures and methods utilized in the administration of the Settlement and the process, review and calculation of claims submitted by claimants fully complied with the provisions of the Final Judgment, and the Plan of Allocation set forth in Notice of Settlement, and are accordingly approved by this Court.

2. This Court directs Plaintiffs' counsel to pay all taxes owed by the Settlement Fund from the Settlement Fund, including the tax incurred on interest earned by the Settlement Fund, and to continue their efforts to resolve any disputes outstanding, or which may arise with the Internal Revenue Service in a manner they determine, in their discretion, is most beneficial to the Settlement Fund.

3. This Court allows all timely, complete and valid claims, listed on Exhibit B to the Cirami Affidavit.

4. This Court allows all claims that are complete and valid listed on Exhibit C to the Cirami Affidavit although they may have been submitted untimely.

5. This Court directs payment to all Authorized Claimants whose claims are listed on Exhibits B and C to the Cirami Affidavit in accordance with the Court-approved Plan of Allocation.

6. The Court finds that all Claimants listed on Exhibit D to the Cirami Affidavit, whose claims are either partially or completely invalid, have been given a fair and reasonable opportunity to object to and/or to appeal the rejection of all or part of their claims; and directs that all claims listed on Exhibit D be rejected.

7. Any claims submitted by any Class member after November 17, 2006 shall not be accepted for any reason whatsoever.

8. The request by GCG for payment of its unpaid fees and expenses incurred to date in administration of the Settlement and its projected costs for the actual distribution to Claimants approved in this Order, of $427,005.33, is approved.

9. The balance of the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants identified in Exhibits B and C to the Cirami Affidavit, at the direction of Plaintiffs' counsel.

10. The checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY 180 DAYS AFTER ISSUE." Plaintiffs' counsel and GCG are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time.

11. This Court directs Plaintiffs' counsel to continue administration of the Settlement pursuant to this Order and the Stipulation.

12. This Court directs Plaintiffs' counsel to retain the balance of any undistributed funds in the Settlement Fund, the proceeds of any returned or uncashed distribution checks or any tax refunds that may be obtained, and any interest thereon, in an interest bearing escrow account or fund.

13. After one year following the distribution of the Net Settlement Fund to Authorized Claimants and after appropriate efforts have been made by either Plaintiffs' counsel or GCG to ensure that Authorized Claimants cash their checks, Plaintiffs' counsel is authorized to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid checks or otherwise, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, to Authorized Claimants who have cashed their checks, provided that they would receive at least $10.00 in such re-distribution based on their Recognized Claims. If six months after such re-distribution, any funds shall remain in the Net Settlement Fund, then GCG following consultation with Plaintiffs' counsel, shall donate the remaining funds to The Law and Finance Institute.

14. This Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claims against the Net Settlement Fund or the Released Persons beyond the amount allocated to them pursuant to this Order.

15. The Claims Administrator is authorized to discard paper or hard copies of Proofs of Claim and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the Authorized Claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible Authorized Claimants.

16. This Court shall retain jurisdiction over any further application or matter which may arise in connection with this action. The retention of jurisdiction by this Court in this matter does not affect in any way the finality of this Order.

DATED: _____________, 2007

______________________________
WILLIAM E. SMITH, U.S.D.J.

F:\Files\PK\Settlements\Textron\Settlement Distribution Motion\AMENDED SETTLEMENT DISTRIBUTION ORDER.wpd